

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JAMES F. DESMOND, JR.
*Assistant Corporation Counsel*
phone: (212) 356-2370
fax: (212) 788-9776
email: jdesmond@law.nyc.gov

May 8, 2014

VIA ECF
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>Cherise Martinez, et al. v. City of New York, et al.</u>, 13 CV 4342 (VSB)

Dear Judge Broderick:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of this matter. Defendants write in opposition to plaintiffs' counsel's letter motion dated May 7, 2014 seeking permission to file a late application for fees and costs under Fed. R. Civ. P. 54(d)(2).

    Because plaintiff's application for attorney's fees is untimely, with no good cause shown for the delay, plaintiff has waived his right to fees.

    FED. R. CIV. PRO. 54(d)(2) provides in pertinent part:

    (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires these fees to be proved at trial as an element of damages.

    (B) *Timing and Contents of Motion.* Unless a statute or court order provides otherwise, the motion must:

        (i)    be filed no later than 14 days after the entry of judgment.

    Plaintiff Luis Martinez's Rule 68 Offer of Judgment of $7,501.00 was entered on April 17, 2014, but counsel did not seek an extension to file his motion for attorney's fees until May 5, 2014, approximately one week later. Therefore, under Rule 54(d)(2)(B)(i), plaintiff has

waived his right to attorneys' fees. Courts have consistently enforced this Rule against untimely fee applications. See Mahmud v. Kaufmann, 05 Civ. 8090 (DAB) (JLC), 2010 U.S. Dist. LEXIS 51075 (S.D.N.Y. Apr. 15, 2010) (application untimely when filed after the entry of final judgment); Roberts v. Markey, 04 Civ. 7671 (DLC), 2006 U.S. Dist. LEXIS 78145 (S.D.N.Y. Oct. 27, 2006); Mattel, Inc. v. Radio City Entertainment, 210 F.R.D. 504 (S.D.N.Y. 2002); Slader v. Miller, 199 F.R.D. 125, 126 (S.D.N.Y. 2001) ("the mandatory 14-day limit for seeking attorneys' fees should not be lightly disturbed"); In re Texaco Shareholder Derivative Litigation, 123 F. Supp. 2d 169 (S.D.N.Y. 2000). The purpose of the deadline is to "provide notice of the fee motion to the non-movant before the time to appeal expires . . . encourage a prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue; and… resolve fee disputes efficiently, 'while the services performed are freshly in the mind.'" Mahmud, 2010 U.S. Dist. LEXIS 51075 at *8, quoting Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 227 (2d Cir. 2004).

Although this Court could, in theory, extend plaintiff's time to file his application for attorney's fees pursuant to Fed. R. Civ. P. 6(b)(1)(B), the deadline should only be extended if plaintiff can show "excusable neglect" for his failure to file a timely application. To determine "whether a party's neglect is excusable, a district court should take into account: '(1) the danger of prejudice to the [opposing party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith.'" Tancredi, 378 F.3d at 228 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

In his motion, plaintiff cites to a trial that began on May 5, 2014, as the primary reason for his neglect. However, this trial began *after* the deadline of April 30, 2014 pursuant to Rule 54(d)(2)(i). Simple inadvertence or mistake is not sufficient to make a showing of "excusable neglect." See Pioneer, 507 U.S. at 392 ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"); Canfield v. Van Atta Buick, 127 F.3d 248 (2d Cir. 1997); Mattel, 210 F.R.D. 505 (finding that there was no excusable neglect where, *inter alia*, counsel for movant "candidly admitted that the reason he had failed to file within the 14-day limit was that he had overlooked or forgotten about Rule 54(d)(2)(B)"). Furthermore, the Second Circuit has also found that "we do not believe that the possibility that a court may properly find excusable neglect on such grounds alters the principle that failure to follow the clear dictates of a court rule will generally not constitute excusable neglect." Canfield, 127 F.3d at 250; see also United States ex rel. Pervez v. N. Shore-Long Island Jewish Health Sys., 06 Civ. 1114 (DLC), 2011 U.S. Dist. LEXIS 74327 (S.D.N.Y. July 11, 2011) ("An attorney's failure to follow clear and unambiguous procedural rules does not usually constitute excusable neglect."). Rule 54(d)(2) plainly and unambiguously provides for fourteen days to make a fee application or request an extension. Notably, plaintiff fails to offer any legal support for his position where such a delay was countenanced by the Court for similar reasons.

Finally, plaintiff provides no good faith basis for the instant untimely application. Had plaintiff felt that he required more time to make his fee application, he could simply have sought an extension from the Court within the 14 days allotted by the Rule. Instead, he waited until after the deadline had expired to make the instant application. The circumstances resulting in the delay were entirely within the movant's control; there is no reason why a motion could not

have been timely filed. If plaintiff needed additional time, or wished to explore a possible settlement before undertaking the burden of a motion, he could easily have sought an extension of the deadline simply by writing to the Court and asking for it. Thus, either plaintiff was unaware of the requirements of Rule 54(d)(2)(B) or simply chose to ignore them. Neither scenario satisfies the standard for excusable neglect. Accordingly, it is respectfully requested that the Court deny plaintiff's application in all respects.

        Thank you for your consideration herein.

Respectfully submitted,

James F. Desmond, Jr.
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    Robert Marinelli, Esq. (ECF)